## MATTER OF HO

### In Deportation Proceedings

#### A-20838127
#### A-20838128

### Decided by Board June 17, 1976

Operations Instruction 245.4(a)(6) which provides that a case will be held in abeyance where the sole basis for applicant's ineligibility for relief under section 245 of the Immigration and Nationality Act is the unavailability of a visa number occurring subsequent to the filing of the application is applicable to section 245 applications filed in deportation proceedings where the respondents were qualified for adjustment of status in all other respects and the sole ground for respondents' ineligibility for such relief was that visa numbers which had been available at the time the applications were first filed had become unavailable at the time the applications were processed.

CHARGE:

Order: Act of 1952—Section 241(a)(2)—[8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor—remained longer than permitted (both respondents)

ON BEHALF OF RESPONDENTS:
Norman Glassman, Esquire
363 Seventh Avenue
New York, New York 10001

ON BEHALF OF SERVICE:
Paul C. Vincent
Chief Trial Attorney

Richard K. Rogers
Acting Trial Attorney

In a decision dated August 5, 1975, we denied the respondents' motion to reopen their deportation proceedings. The respondents have submitted a motion seeking reconsideration of that decision. The motion will be granted and the record remanded to the Immigration judge.

The respondents, husband and wife, are natives and citizens of China. They have conceded deportability under section 241(a)(2) of the Immigration and Nationality Act as nonimmigrants who have remained beyond the authorized length of their stays. The only questions confronting us on this motion involve their applications for adjustment of status under section 245.

The female respondent has evidently been granted a labor certification pursuant to section 212(a)(14), and she seeks adjustment of status as a nonpreference immigrant. The male respondent also seeks section

245 relief as a nonpreference immigrant, but his case is entirely dependent on his wife's eligibility because he does not claim that he is independently admissible under section 212(a)(14).

One of the requirements for section 245 relief is that an immigrant visa must be immediately available to the alien at the time his application is approved. The record indicates that the respondents submitted their applications for adjustment of status (Form I-485) on May 12, 1975. According to the Department of State bulletin entitled Availability of Immigrant Visa Numbers For May 1975, visa numbers were then currently available to natives of China seeking nonpreference status. However, in June of 1975, the month after the respondents submitted their section 245 applications, nonpreference visa numbers for natives of China became completely unavailable. As of the date of this decision, visa numbers remain unavailable to the respondents.

The respondents' applications for adjustment of status were treated as a motion to reopen their deportation proceedings in accordance with 8 CFR 242.22. In our order of August 5, 1975, we denied the motion because nonpreference visa numbers were unavailable to the respondents, and the respondents therefore could not establish eligibility for section 245 relief.

In the motion to reconsider, counsel argues that our decision is not in keeping with a Service policy expressed in Operations Instruction 245.4 (a)(6).[1] This Operations Instruction specifically applies to aliens who have submitted section 245 applications to district directors for adjudication. It provides for the holding in abeyance of any case in which an alien has submitted a section 245 application at a time when a visa number was available to the alien, but in which the alien is now precluded from receiving that relief solely because a visa number is not available at the time the processing of the application is completed. The Operations Instruction further provides for the periodic review of all such cases in order that an alien's adjustment of status may take place shortly after a visa number again becomes available.

Counsel for the respondents contends that Operations Instruction 245.4(a)(6) should be applicable in a deportation proceeding, even though jurisdiction over a section 245 application no longer lies with a district director after the alien has been served with an order to show cause or warrant of arrest. See 8 CFR 245.2(a)(1). We requested a brief from the Service on this question. The Service has informed us that it believes that the Operations Instruction should be applicable to the case of an alien who is in deportation proceedings, and has submitted a motion seeking a conditional termination of these proceedings.

---

[1] Operations Instruction 245.4(a)(6) is quoted in its entirety in the addendum to this opinion.

We too are persuaded that Operations Instruction 245.4(a)(6) should not be foreclosed to an alien merely because he happens to apply for adjustment of status after having been placed in deportation proceedings. The motion to reconsider will be granted and the record remanded to the immigration judge for further action consistent with this opinion.

**ORDER:** The motion to reconsider is granted, the outstanding order of deportation is withdrawn, and the record is remanded to the immigration judge.

### ADDENDUM

Operations Instruction 245.4(a)(6) *Subsequent unavailability of a visa number.* In any case in which, at the time the application was submitted or at the time the alien was invited to submit the application, the Visa Office Bulletin indicated that an immigrant visa number was available, but the application cannot be approved solely because a visa number is not available at the time the processing of the case is completed, it shall be held in abeyance pending the allocation of a visa number by the Visa Office. Those cases held in abeyance pending the allocation of a nonpreference visa number shall be periodically reviewed to screen out any applicant who appears eligible for a preference classification. Any applicant who appears to be eligible for a preference classification shall be informed and instructed how to proceed. In all such cases held in abeyance pending allocation of a visa number, Form I-181, in duplicate, bearing the stamped notation "HOLD FOR VISA NUMBER" in the upper right-hand portion of the box labeled "For use by the Visa Control Office" shall be forwarded to the Visa Control Office to insure that a visa number will be allocated when one becomes available. Similarly, when a different preference is established, a new Form I-181 prepared in accordance with the foregoing shall be forwarded to the Visa Control Office. When a visa number is available in these cases, the Visa Control Office will return Form I-181 endorsed to show allocation of an immigrant visa number for the month following the month notification is furnished to the Service. This will allow sufficient time to complete any unfinished processing.