MATTER OF GHONG

In Deportation Proceedings

A-21778806

*Decided by Board June 17, 1976*

Where the sole basis for respondent's ineligibility for adjustment of status under section 245 of the Immigration and Nationality Act was that an immigrant visa number was not immediately available to him, and respondent filed a motion to reopen deportation proceedings at a time when his priority date for the issuance of an immigrant visa was within 90 days of the visa availability date shown in the Department of State bulletin on the Availability of Immigrant Visa Numbers, Operations Instruction 245.4(a)(6) was applicable to his case and required the proceeding to be held in abeyance because under 8 CFR 245.1(g)(1), an immigrant visa is considered available for accepting and processing a section 245 application when a preference or nonpreference applicant (respondent here) has a priority date on the visa waiting list which is not more than 90 days later than that shown on the Visa Office Bulletin of the Department of State. See *Matter of Ho,* 15 I. & N. Dec. 692 (BIA 1976).

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer

ON BEHALF OF RESPONDENT: Forscher, Glassman & Elias, Esquires
363 Seventh Avenue
New York, New York 10001

In a decision dated June 30, 1975, the immigration judge denied the respondent's motion to reopen these deportation proceedings. The respondent has appealed from that denial. The record will be remanded to the immigration judge.

The respondent is a native and citizen of Korea. He has been found deportable under section 241(a)(2) of the Immigration and Nationality Act as a nonimmigrant who has remained beyond the authorized length of his stay. Deportability is not now in issue, and the respondent seeks a reopening of the proceedings for the sole purpose of allowing him to apply for adjustment of status under section 245.

The record indicates that the respondent desires adjustment of status as a nonpreference immigrant. He has an approved labor certification issued pursuant to section 212(a)(14), and the Service does not allege

that he is admissible under any of the subdivisions of section 212(a). The respondent, however, is not presently eligible for section 245 relief because a nonpreference immigrant visa is not *immediately* available to him.

The record indicates that the respondent's labor certification application was accepted for processing on August 14, 1974. The respondent therefore has a priority date for the issuance of a nonpreference visa number as of that date. See 8 CFR 245.1(g)(2).

The respondent's motion to reopen was submitted with the fee paid to the Service on April 7, 1975. The Department of State bulletin on the Availability of Immigrant Visa Numbers for April 1975 shows that nonpreference visa numbers for natives of Korea were only available to aliens with priority dates *earlier* than June 1, 1974. The respondent's priority date of August 14, 1974, was not earlier than the June 1, 1974 "cut-off" date, and an immigrant visa was not then immediately available to him within the meaning of section 245.

Nevertheless, in April of 1975, when the respondent submitted his motion, his priority date was within 90 days of the date appearing in the visa availability bulletin. The Service therefore would have been willing to accept and process the respondent's section 245 application in accordance with 8 CFR 245.1(g)(1). The respondent relies on this fact to argue that he was prejudiced by Service delay in this case, because nonpreference visa numbers for natives of Korea had become totally unavailable by the time the immigration judge adjudicated the respondent's motion.

We, however, can perceive no prejudice to the respondent in this matter. In May of 1975, less than one month after the respondent submitted his motion to reopen, nonpreference visa numbers became unavailable to natives of Korea. These visa numbers remained totally unavailable through January of 1976. In February, March, and April of 1976, nonpreference numbers were available to natives of Korea with priority dates of earlier than January 1, 1974. The respondent's August 14, 1974 priority date did not qualify. Nonpreference numbers again became unavailable for Koreans in May of 1976, and continue to remain unavailable.

As can be seen from this review of the visa availability situation affecting the respondent, a nonpreference visa number was never *immediately* available to him on or after the date on which he submitted his motion to reopen. The respondent has never met the statutory requirements for adjustment of status during this period of time. His section 245 application could not have been granted, even if there had been immediate action on the motion. He can claim no prejudice by any minimal delay which may have occurred in this case.

The respondent is not presently eligible for adjustment of status. On

this record, however, his ineligibility appears to stem *solely* from the unavailability of an immigrant visa number. We have concluded that the respondent comes within the terms of Operations Instruction 245.4(a)(6), and we shall remand the record to the immigration judge in accordance with *Matter of Ho*, 15 I. & N. Dec. 692 also decided today.

In Operations Instruction 245.4(a)(6) the Service has provided for the holding in abeyance of any case in which an alien has submitted a section 245 application at a time when a visa number was available to him, but in which he is precluded from receiving section 245 relief solely because a visa number is not available at the time the processing of the case is completed. As we have indicated, an immigrant visa has not been *immediately* available to the respondent on or after the date he submitted his motion to reopen. However, during the month the respondent submitted his motion, his priority date was within 90 days of the date shown in the applicable visa availability bulletin. In 8 CFR 245.1(g)(1) the Service states that:

> . . . An immigrant visa is considered available for accepting and processing the applica- tion Form I-485 if the preference or nonpreference category applicant has a priority date on the waiting list which is not more than 90 days later than the date shown in the Bulletin or the Bulletin shows that numbers for visa applicants in his category are current. . . .

The Operations Instruction, which is set forth in its entirety in *Matter of Ho*, supra, is evidently designed to apply to an alien who submitted his application for adjustment of status when an immigrant visa was considered available for accepting and processing the application in accordance with 8 CFR 245.1(g)(1). The respondent therefore qualifies under the Operations Instruction and we shall remand the record to the immigration judge for further action consistent with this opinion.

**ORDER:** The record is remanded to the immigration judge.