[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 19, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13379

_____

Agency No. A98-498-409

AL HAFIZ JIVAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 19, 2008)**

Before DUBINA, HULL and FAY, Circuit Judges.

PER CURIAM:

Al Hafiz Jivan timely filed a petition for review of the Board of Immigration

Appeals' ("BIA's") June 25, 2007 order affirming its March 8, 2007 affirmation of

the IJ's denial of Jivan's request for a continuance and dismissal of Jivan's appeal of the Immigration Judge's ("IJ's") removal order. After oral argument and review, we remand this case to the BIA with instructions to remand to the IJ for further proceedings consistent with this opinion.

## I. BACKGROUND

On August 19, 2005, the Department of Homeland Security ("DHS") served Jivan with a notice to appear and charged him with removability. At the January 5, 2006 hearing, Jivan conceded removability. During the hearing, Jivan's counsel raised the issue of whether the IJ would permit a continuance on the grounds that Jivan already had filed concurrently an I-140 visa petition and an I-485 adjustment-of-status application which remained pending before DHS.

The IJ denied the request and responded, "Not for that because we've already gone up to the 11th Circuit on that as you are well aware and so that is not a basis for a continuance waiting for the approval." The IJ concluded that under Eleventh Circuit precedent that awaiting a DHS decision on pending I-140 and I-485 applications is not a valid basis for a continuance of a removal hearing.

Jivan's counsel then informed the IJ that, rather than take a voluntary departure, "we'll take an order and reserve the right to appeal." The IJ continued with the hearing and ordered Jivan to voluntarily depart. The IJ concluded the hearing by noting:

2

It will be March 6, 2006 – two months because you chose to appeal. If you didn't appeal, I could give you the 120 days. Now, do you understand that if they are not successful on appeal and you don't leave then you have that ten-year bar as also defined and all the other consequences I explained. Okay? So you make the choice that's best for you.

On March 8, 2007, the BIA affirmed the IJ's decision. On June 25, 2007, the BIA granted Jivan's motion for reconsideration, but affirmed its prior decision. Jivan timely petitioned this Court for review.

## II. DISCUSSION

As of January 5, 2006, the date when the IJ denied Jivan's continuance request, the relevant Eleventh Circuit case addressing the continuance of a removal hearing to await DHS's adjudication of I-140 and I-485 applications was Zafar v. United States Attorney General ("Zafar I"), 426 F.3d 1330, 1335 (11th Cir. 2005). In Zafar I, this Court affirmed the IJ's denial of a continuance of removal hearings where petitioners had pending requests for labor certificates to support their later seeking I-140 visas and 1-485 adjustments of status. 426 F.3d at 1335-36. But after the IJ here concluded that Jivan's pending I-140 and I-485 applications were not a basis for a continuance, we granted rehearing in Zafar I, vacated our prior opinion, and replaced it with a narrower opinion in Zafar v. United States Attorney General ("Zafar II"), 461 F.3d 1357, 1367 (11th Cir. 2006).

In Zafar II, we still affirmed the IJ's denial of a continuance, but based it on the fact that petitioners had filed only applications for labor certificates and were not even "eligible" to receive an immigrant visa because they did not have approved labor certificates. 461 F.3d at 1365. There was also no evidence that there was a visa "immediately available" as required by 8 U.S.C. § 1255(i)(2)(B). Id. at 1363. Because petitioners could not even ask for adjustment-of-status relief at the time of the removal hearings, Zafar II held that the IJ did not abuse his discretion in denying a continuance. Id. at 1364. The Zafar II Court added that "we need not, and thus do not, reach the issue of what should happen on any other facts, such as, for example, if aliens have approved labor certificates and are statutorily eligible for adjustment of status under § 1255(i)." Id. at 1367.

Subsequently, in Merchant v. United States Attorney General, 461 F.3d 1375 (11th Cir. 2006), we held that an IJ abused his discretion in denying a continuance of the removal hearing where the petitioner had an approved labor certificate, had filed I-140 visa and I-485 adjustment-of-status applications with DHS, and had demonstrated an immigrant visa number was immediately available as required by § 1255(i)(2)(B). Id. at 1377-79, 1379 n.6. In vacating the denial of the continuance, we explained that "[t]his leaves undone only actions to be performed by the DHS (the very agency seeking his removal)-i.e., a decision on his immigrant visa and a decision on his application for adjustment." Id. at 1379.

4

As to the timing of when the visa is "immediately available," the <u>Merchant</u> Court also noted that § 1255(i)(2)(B)'s eligibility requirement is that "'an immigrant visa is immediately available to the alien at the time the [adjustment-of-status] application is filed.'" <u>Id.</u> at 1377 (quoting <u>Zafar II</u>, 461 F.3d at 1363, which quotes § 1255(i)(2)(B)). The <u>Merchant</u> Court pointed out that the BIA acted inconsistently in these matters by holding some adjustment-of-status cases in abeyance until visa numbers became available, if visa numbers previously were available at the time of the application's filing:

> We also note that the BIA has not been entirely consistent in its handling of these matters. For example, in the <u>Matter of Ho</u>, 15 I. & N. Dec. 692, 1976 WL 32356 (BIA 1976), the BIA, recognizing Operations Instruction 254.4(a)(6), held that an alien's application for adjustment of status should be held in abeyance if there were visa numbers available at the time of the application's filing but not when the visa was approved. Thus, with respect to another prerequisite set out in § 1255(i), namely the requirement that the immigrant visa be immediately available at the time the application for adjustment is filed, the BIA apparently has been following an INS policy and holding such cases in abeyance. Other instances of inconsistent treatment of such continuance requests, either in unpublished decisions of the BIA (e.g. <u>In Matter of DaCosta</u>, No. A96 437 521 (BIA Oct. 6, 2004)) or anecdotally, have been called to our attention; these are matters the BIA may want to take into its consideration, although we do not rely upon them.

<u>Id.</u> at 1379 n.7. Further, in <u>Matter of Ho</u>, the BIA concluded that holding such applications in abeyance until a visa number became available again "should not be foreclosed to an alien merely because he happens to apply for adjustment of status

5

after having been placed in deportation proceedings." 15 I. & N. Dec. 692, 694 (BIA 1976).[1]

In any event, the government conceded in Merchant that a visa number was immediately available to the petitioner. Thus, Merchant did not grapple with whether it matters if a visa number remains immediately available at the time of the removal hearing or whether § 1255(i)(2)(B) requires only that the visa number be immediately available at the time of the filing of the application for adjustment of status. See 8 U.S.C. § 1255(i)(2)(B).

Subsequently, in Haswanee v. United States Attorney General, 471 F.3d 1212 (11th Cir. 2006), this Court held that the IJ abused his discretion in denying a continuance of the removal hearing where the petitioner had an approved labor certificate, had filed an I-140 visa petition, and had an immediately available visa number, but had not yet filed an I-485 adjustment-of-status application (although he intended to do so). Id. at 1217. We concluded "[t]he only difference between Haswanee and Merchant is that Merchant had also filed an I-485 adjustment of status application." Id. Despite this difference, the Haswanee Court concluded

---

[1]Operations Instruction 254.4(a)(6) specifies that "'[w]hen a properly filed application [for adjustment of status] cannot be completed solely because visa numbers became unavailable subsequent to the filing, the application will be held in abeyance until a visa number is allocated.'" Masih v. Mukasey, 536 F.3d 370, 374-75 (5th Cir. 2008) (alterations in original) (quoting Operations Instruction 245.4(a)(6) and stating that under Matter of Ho, "the IJ should take into consideration OI 245.4(a)(6) when it decides whether to grant the alien's request for a continuance" of a removal hearing).

there was still an abuse of discretion in denying the continuance request.  Id. at 1218.

Turning to Jivan's case, it is clear the IJ based his January 5, 2006 denial of a continuance on the Eleventh Circuit precedent at that time, i.e., Zafar I. However, Zafar I was vacated shortly thereafter and limited to cases where the alien had only a pending application for a labor certification.  Indeed, as Jivan's counsel noted in her Reply Brief, "The Respondents fail to acknowledge in their Response that the IJ denied continuance not because of lack of grandfathering proof, or proof of I-140 and I-485 filings, or visa unavailability - it was denied based on the IJ's . . . wrong interpretation of the aforementioned 11th Circuit precedents that a continuance was not warranted in this case . . . ."  In short, the IJ's ruling was based on an understanding of Eleventh Circuit case law as it existed in January 2006, without the benefit of Zafar II and Merchant, both decided in August 2006, or Haswanee, decided in December 2006.

Moreover, at the removal hearing, Jivan's counsel stated, without challenge, that he had filed concurrently I-140 and I-485 applications.  There is also indication that Jivan has a valid labor certificate and that a visa number was available to Jivan at the time he filed his I-140 and I-485 applications.[2]  Therefore,

_____

[2]Although the government now claims visa numbers were not immediately available to Jivan at the time of the removal hearing, the IJ did not consider that issue or base its denial of a continuance on that fact.  Moreover, Jivan submitted some evidence to the BIA that visas were

7

based on recent developments in Eleventh Circuit case law, we grant Jivan's

petition for review, vacate the BIA's decisions of June 25, 2007 and March 8,

2007, and remand this case to the BIA with instructions to vacate the removal

order and to remand this case to the IJ for full reconsideration of Jivan's request for

a continuance until the DHS rules on his I-140 and I-485 applications, which have

been pending since 2004, and for further proceedings consistent with this opinion.

**PETITION GRANTED**.

---

available at the time he filed his I-485 application for adjustment of status in 2004 and also when the BIA ruled in 2007. Because the IJ did not base the denial of his continuance on the availability of visas, we decline to reach that issue and leave it to the parties to develop the record as to that issue before the IJ on remand.