# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60089
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 1, 2016

Lyle W. Cayce
Clerk

HARRIET BETTY MATHITA,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 762 700

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Harriet Betty Mathita, a native and citizen of Kenya, seeks review of a decision by the Board of Immigration Appeals (BIA) affirming an order by the immigration judge (IJ) removing Mathita to Kenya. We review the BIA's decision and the IJ's decision to the extent the BIA relied on it. *See Ahmed v. Gonzales*, 447 F.3d 433, 437 (5th Cir. 2006).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60089

Mathita conceded removability for overstaying a visa in 2005. The IJ declined to grant relief on her linked claims for adjustment of status and waiver of inadmissibility because the applications were incomplete. Mathita has abandoned any appeal of this ruling by failing to raise the issues in her petition for review. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

The IJ deemed Mathita to have abandoned her claims for withholding of removal and relief under the Convention Against Torture because she did not present them within the deadline set by the IJ. Mathita argues that those claims were constructively presented in an attachment to her application for a waiver of inadmissibility, and that the IJ should have granted a "short recess" to allow her to litigate those claims. She does not show that the IJ abused his discretion by declining to grant a continuance so that she could present those claims. *See Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008). Moreover, the IJ was permitted to "set and extend time limits for the filing of applications and," when applications are not filed within those time limits, the opportunity to file them "shall be deemed waived." 8 C.F.R. § 1003.31(c).

In addition, Mathita contends that the IJ failed to "adequately" adjudicate her application for cancellation of removal. During a hearing, the IJ stated without objection or argument that cancellation was precluded by Mathita's criminal convictions for theft and fraud. Such convictions typically disqualify an alien from discretionary cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1); *cf. Nino v. Holder*, 690 F.3d 691, 694-95 (5th Cir. 2012) (holding that a state fraud conviction precluded cancellation); *Hyder v. Keisler*, 506 F.3d 388, 391-92 (5th Cir. 2007) (holding that a federal social-security fraud conviction precluded cancellation). Mathita makes no effort to show what might have been accomplished by further adjudication beyond the IJ's uncontested ruling.

No. 15-60089

In any event, Mathita's claims ultimately fail because they are wholly conclusional and unsupported by any legal analysis or authority. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). The petition for review is DENIED.