# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60394
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 8, 2016

Lyle W. Cayce
Clerk

IMUETINYAN FRANK OSAYI,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 074 786

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Imuetinyan Frank Osayi, a native and citizen of Nigeria, petitions for review on behalf of himself and his two minor children of a decision of the Board of Immigration Appeals (BIA). The BIA dismissed Osayi's appeal of an immigration judge's (IJ) denial of a motion for a continuance and an application for adjustment of status. Osayi contends that the dismissal was an abuse of discretion and a deprivation of his due process rights.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60394

We review "a decision to grant or deny a continuance for an abuse of discretion." *Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008).  The grant of a motion to continue "lies within the sound discretion of the IJ, who may grant a continuance for good cause shown."  *Id.*  Indeed, the IJ's denial of a continuance will not be reversed by the BIA on appeal unless the alien demonstrates that the "denial caused him actual prejudice and harm and materially affected the outcome of his case."  *Matter of Sibrun*, 18 I&N Dec. 354, 356-57 (BIA 1983).  Although we have the authority to review only the BIA's decision, when, as here, the BIA affirms the IJ and relies on the reasons set forth in the IJ's decision, we consider the decision of the IJ to the extent that it influenced the BIA.  *Masih*, 536 F.3d at 373.

In *Matter of Hashmi*, 24 I & N. Dec. 785, 790 (BIA 2009), the BIA set out a list of factors to be considered in determining whether to continue removal proceedings pending a final adjudication of an I-130 visa petition filed in conjunction with an adjustment application.  While the factors may be relevant in a given case, "the focus of the inquiry is the apparent ultimate likelihood of success on the adjustment application."  *Id.* (citation omitted).

The IJ's and the BIA's decisions were reached after due consideration of the *Hashmi* factors.  The focus was on the fact that Osayi did not show good cause for a continuance because he had not established the existence of a pending prima facie approvable visa petition based on a real marriage to a United States citizen, given that three separate I-130 Petitions for Alien Relative were denied on the basis of marriage fraud.  The denial of a continuance was in accord with *Hashmi*, as the likelihood of success of a pending I-130 petition should be "the focus" of any consideration of whether good cause exists for a continuance.  On appeal, Osayi has not demonstrated that he was actually harmed and prejudiced by the denial of a continuance and

that the denial "materially affected the outcome of his case." *Sibrun*, 18 I&N Dec. at 356-57. Finally, the denial of a continuance does not violate due process where, as here, Osayi has failed to demonstrate good cause for the continuance. *Ali v. Gonzales*, 440 F.3d 678, 681 (5th Cir. 2006).

Accordingly, Osayi's petition for review is DENIED.