IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-60029

GEORGE MASIH

Petitioner

v.

MICHAEL B MUKASEY, US ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals

Before JONES, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

WIENER, Circuit Judge:

Petitioner George Masih seeks review of the decision of the Board of Immigration Appeals ("BIA") denying his request for a continuance or abeyance of his removal proceedings while he pursues adjustment of status. Convinced that the BIA abused its discretion in denying Masih relief, we grant his petition, reverse the decision of the BIA, and remand to the BIA with instructions to remand this matter to the Immigration Judge ("IJ") for reconsideration of Masih's request ab initio.

I. FACTS AND PROCEEDINGS

George Masih is a native and citizen of Pakistan who was admitted to the United States in 1990 as a non-immigrant with authorization to remain in this country until March 15, 1993. He overstayed without authorization from the former Immigration and Naturalization Service ("INS"), now the Department of Homeland Security ("DHS"). After he registered pursuant to the post-9/11 special registration program of the National Security Entry/Exit Registration System ("NSEERS") that required male non-immigrants from specified countries, including Pakistan, to do so, Masih was served in February 2003 with a Notice to Appear ("NTA"). This notice charged that Masih was subject to removal for remaining in the United States for a time longer than permitted.

During his initial hearing before the IJ in June 2003, Masih admitted the factual allegations in the NTA and conceded removability. During this same hearing, however, Masih (1) sought withholding of removal under the regulations implementing the Convention Against Torture ("CAT"), and (2) requested a continuance based on a pending labor certification application which had been filed on his behalf by a prospective employer, Sitar Indian Cuisine. The IJ granted Masih a month's continuance, and thereafter granted him two additional continuances.

During a hearing held a year later, Masih withdrew his application for withholding of removal under the CAT and moved for yet another continuance, which motion the government opposed. This time, because the labor certification application filed on his behalf by Sitar Indian Cuisine had recently been approved, Masih sought a continuance so that the DHS could adjudicate his I-140 employment-based visa petition. The IJ determined that Masih had not established good cause for a continuance, observing in his oral ruling that Masih (1) had abused and disrespected United States immigration laws for more than 11 years, and (2) was seeking to continue his case indefinitely by virtue of an

employment-based petition. The IJ denied Masih a continuance and ordered him removed to Pakistan.

Masih appealed the IJ's decision to the BIA. While his appeal was pending, Masih was notified that his I-140 petition had been approved on March 23, 2005. Masih requested that his case be remanded, noting that a visa was currently available to him and asserting that he was prepared to file an I-485 application for adjustment of status. The BIA remanded the case to the IJ, observing that "the requirements for adjustment appear to have been satisfied by [Masih]." On April 11, 2005, Masih filed an application for adjustment of status. The parties do not dispute that when Masih filed his adjustment application, the Department of State Bureau of Consular Affairs Visa Bulletin (the "Bulletin") confirmed that visas were current in the third preference employment-based category, the visa category applicable to Masih's adjustment application.

After Masih filed his adjustment application but before he appeared before the IJ on remand, third preference employment-based visas "regressed," as a result of which a visa was no longer available to Masih. He requested a continuance or abeyance of his removal proceedings until such time as a visa again became available to him, which motion the government opposed. In denying Masih relief, the IJ adopted his prior oral ruling, and added "that an abeyance is not warranted . . . . Masih is ineligible for adjustment of status as of the date of his application which has no status before the Immigration Court. There are no visas immediately available for him."

Masih again appealed to the BIA. This time he argued that the IJ erred because both United States Citizenship and Immigration Services Operations Instruction ("OI") 245.4(a)(6) and BIA precedent dictate that, when the only reason that a properly filed adjustment application cannot be completed is that visa numbers became unavailable after the application was filed, an adjustment

application must be held in abeyance until a visa number becomes available.[1] The BIA nevertheless affirmed the IJ's denial of relief, holding that good cause for a continuance was not shown because of (1) "the lack of a set date for future relief," (2) "the length of time [Masih] had been in proceedings," and (3) "the nature of the visa (i.e., an employment-based visa rather than a family visa)." In so ruling, the BIA emphasized that there was no definite date on which Masih would clearly be eligible for relief, i.e., when a visa would become available, reasoning that the BIA precedent cited by Masih did not restrict an IJ's discretion to grant or deny a continuance. In addition, the BIA held that the IJ did not err in denying Masih's alternative request for an abeyance.[2] Masih timely filed this petition for review.

## II. ANALYSIS

### A. Standard of Review

The grant of a continuance lies within the sound discretion of the IJ, who may grant a continuance for good cause shown.[3] Accordingly, we review a decision to grant or deny a continuance for an abuse of discretion. Even though we have authority to review only the BIA's decision, we may consider the IJ's decision to the extent that it influenced the BIA.[4]

---

[1] Operations Instruction 245.4(a)(6) states that "[w]hen a properly filed application cannot be completed solely because visa numbers became unavailable subsequent to the filing, the application will be held in abeyance until a visa number is allocated."

[2] Masih requests either a continuance or an abeyance of his removal proceedings. The government characterizes an abeyance as an "indefinite continuance," however, the BIA stated in its opinion that an abeyance "would have taken the form of administrative closure of proceedings." It is unclear on what authority the BIA relied in equating Masih's abeyance request with the administrative closure of proceedings. Having reviewed the case law, we cannot discern any difference in treatment between a request for a "continuance" and a request for an "abeyance." Therefore, we will analyze Masih's alternative request under the more familiar continuance standard.

[3] Witter v. I.N.S., 113 F.3d 549, 555 (5th Cir. 1997).

[4] Mikhael v. I.N.S., 115 F.3d 299, 302 (5th Cir. 1997).

B.    Continuance or Abeyance of Removal Proceedings

Masih contends that he demonstrated good cause for a continuance of his removal proceedings and that the BIA's denial was an abuse of discretion because (1) he was statutorily eligible for adjustment of status when he filed his I-485 application and remains so at this time, and (2) OI 245.4(a)(6) and BIA precedent, especially Matter of Ho, dictate that his removal proceedings should have been held in abeyance.[5] The government counters that Masih has failed to point to any authority demonstrating that he is entitled to a continuance or abeyance.  Moreover, the government insists that the BIA acted within its discretion when it denied Masih's request, considering, inter alia, Masih's disregard of United States immigration laws and the lengthy and indefinite duration of his removal proceedings.  Even though we are reluctant to encroach on the province of the BIA, and we do not condone Masih's prolonged illegal stay in the United States, we are constrained to hold that, under the precise circumstances of this case, the BIA abused its discretion in denying Masih's request for a continuance or abeyance of his removal proceedings so that he could pursue adjustment of his status.

1.    Statutory Eligibility for Adjustment of Status

To better assess Masih's contentions that he demonstrated good cause for a continuance and that the BIA abused its discretion in denying it, we must begin with a brief overview of the three-step process through which aliens seek legal status based on employment.[6] First, the alien's prospective employer in the United States must petition, on the alien's behalf, for labor certification with the

---

[5] 15 I. & N. Dec. 692 (BIA 1976).

[6] United States v. Ryan-Webster, 353 F.3d 353, 355 (4th Cir. 2003).

Department of Labor ("DOL").[7] If the DOL approves the petition, the prospective employer is then required, at step two of the process, to file an I-140 petition with the DHS for an employment-based visa for the alien.[8] If the I-140 petition is approved, the date on which it was filed becomes the alien's priority date for allotment of a visa number.[9] The third and final step of the process for aliens who, like Masih, reside in the United States, is to file with the DHS an I-485 application for adjustment of status, which, if approved, would result in the adjustment of the alien's status to lawful permanent resident.[10] To be eligible for adjustment of status under 8 U.S.C. § 1255(i)(2), the applicant must show that: "(A) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and (B) an immigrant visa is immediately available to the alien at the time the application is filed."[11]

Masih is the beneficiary of an approved labor certification application and of an approved I-140 petition; and, most significantly to his case, he had a visa priority date that was current at the time he filed his I-485 adjustment application. An immigrant visa is considered "immediately available" for purposes of § 1255(i) if the Bulletin shows that visa numbers for applicants in the alien's category are current.[12] Accordingly, Masih was statutorily eligible for adjustment of status at the time he filed his I-485 application and he has remained so ever since, notwithstanding the government's insistence—and the

---

[7] 8 U.S.C. § 1153(b)(3)(C); Ryan-Webster, 353 F.3d at 355; Ahmed v. Gonzales, 447 F.3d 433, 438 & n.3 (5th Cir. 2006).

[8] 8 C.F.R. § 204.5; Ryan-Webster, 353 F.3d at 356; Ahmed, 447 F.3d at 438 n.3.

[9] 8 C.F.R. § 245.1(g)(2).

[10] 8 U.S.C. § 1255(i); Ryan-Webster, 353 F.3d at 356.

[11] 8 U.S.C. § 1255(i)(2); Hernandez v. Ashcroft, 345 F.3d 824, 841-42 (9th Cir. 2003).

[12] 8 C.F.R. § 245.1(g)(1).

IJ's conclusion—to the contrary. For an alien in Masih's circumstances to be statutorily eligible for adjustment, the plain language of § 1255(i)(2)(B) requires only that an immigrant visa be immediately available to the alien at the time the application for adjustment of status is filed.[13] The BIA even recognized that Masih appeared to have satisfied the requirements for adjustment when it originally remanded his case to the IJ. That the applicable visas regressed after Masih filed his I-485 adjustment application had no effect whatsoever on his eligibility for adjustment.

Furthermore, that Masih was—and remains—statutorily eligible for adjustment of status distinguishes this case from Ali v. Gonzales[14] and Ahmed v. Gonzales,[15] two cases relied on by the government. In each of these cases, we concluded that the petitioner seeking a continuance lacked good cause because he was statutorily ineligible for adjustment of status: Ali was ineligible because his labor certification application had not been timely filed;[16] and Ahmed was ineligible because only a labor certification application had been filed on his behalf.[17] Even if that application had been approved, Ahmed would still have needed for a prospective employer to file an I-140 employment-based visa petition on his behalf; and only if that petition were approved and a visa were immediately available to Ahmed when he filed his I-485 application would he have then been eligible for adjustment of status.[18]

---

[13] Emphasis added. See Hernandez, 345 F.3d at 843-44 & n.21 (rejecting contention based on 8 C.F.R. § 245.2(a)(5)(ii) that for petitioner to be eligible for adjustment of status he must actually have been allocated a visa number).

[14] 440 F.3d 678 (5th Cir. 2006) (per curiam).

[15] 447 F.3d 433 (5th Cir. 2006).

[16] Ali, 440 F.3d at 680.

[17] Ahmed, 447 F.3d at 438 & n.3.

[18] Id.

2. Operations Instruction 245.4(a)(6) and BIA Precedent

Operations instructions are not binding on the BIA; however, the BIA has recognized that they are often persuasive.[19] OI 245.4(a)(6) specifies that "[w]hen a properly filed application [for adjustment of status] cannot be completed solely because visa numbers became unavailable subsequent to the filing, the application will be held in abeyance until a visa number is allocated." Even though OI 245.4(a)(6) was cited by Masih and is obviously applicable to the circumstances here at issue, there is no indication in their respective rulings that either the BIA or the IJ even considered it.

This apparent oversight is compounded when viewed in the light of prior cases in which the BIA decided to apply OI 245.4(a)(6), most notably Matter of Ho.[20] In Matter of Ho, the alien had conceded removability because she had remained in the United States beyond her authorized length of stay.[21] She had, however, (1) been granted labor certification, (2) been approved for an employment-based visa, and (3) applied for adjustment of status at a time when a visa number was immediately available to her.[22] Thereafter, though, there occurred a regression, i.e., the applicable visa numbers had become completely unavailable.[23] The BIA ruled that OI 245.4(a)(6) was applicable even when an

---

[19] Matter of Alphonse, 18 I. & N. Dec. 178, 180 (BIA 1981), superseded by statute, 8 C.F.R. § 3.19(b) (1989), as recognized in Matter of Dobere, 20 I. & N. Dec. 188 (BIA 1990) ("While not binding on this Board, the prescriptions of the Operations Instructions are often persuasive.").

[20] 15 I. & N. Dec. 692 (BIA 1976); see also In re Briones, 24 I. & N. Dec. 355, 372 n.3 (BIA 2007); Merchant v. U.S. Attorney Gen., 461 F.3d 1375, 1379 n.7 (11th Cir. 2006).

[21] 15 I. & N. Dec. at 692. We observe that in Matter of Ho, there were actually two respondents, a husband and a wife, seeking a continuance to have their statuses adjusted. Because the man's case was entirely dependent on his wife's eligibility, however, we refer only to the wife in our discussion.

[22] Id. at 692-93.

[23] Id. at 693.

alien applies for adjustment of status after having been placed in deportation proceedings, and that the IJ should take into consideration OI 245.4(a)(6) when it decides whether to grant the alien's request for a continuance.[24]

Despite the fact that BIA decisions are binding on IJs in their administration of United States immigration laws,[25] we find no indication in either of his rulings that the IJ considered Matter of Ho. Moreover, the BIA itself is required to follow its own precedent unless overruled or modified;[26] yet here, after acknowledging Matter of Ho in its opinion, the BIA ultimately concluded that the decision did "not restrict an [IJ's] discretionary determination to continue or not continue proceedings," citing Ahmed as support for its conclusion. We observe again, though, that Ahmed is clearly distinguishable and inapposite: Unlike Masih, the petitioner in that case was statutorily ineligible for adjustment of status.

Given that (1) the IJ erred as a matter of law when he ruled that Masih was ineligible for adjustment of status, which error the BIA failed to recognize (or at least to acknowledge), (2) the BIA and the IJ apparently failed to consider OI 245.4(a)(6) in their rulings denying Masih relief, despite that regulation's clear applicability and Masih's express reliance on it, and (3) the BIA's cursory—and curious—disregard of Matter of Ho, we hold that the BIA abused its discretion in denying Masih's request for a continuance or abeyance of his removal proceedings.

As we are reluctant to infringe on the discretion of the BIA and the IJ, we remand this matter to the BIA for it to remand to the IJ with instructions to

---

[24] Id. at 693-94.

[25] 8 C.F.R. § 1003.1(g).

[26] Id.; Galvez-Vergara v. Gonzales, 484 F.3d 798, 802-03 (5th Cir. 2007) ("The BIA's decision to disregard [precedent] without giving a reasonable explanation for doing so, is arbitrary and thus an abuse of discretion." (internal quotations omitted)).

reconsider Masih's request ab initio, giving due consideration to this opinion and to OI 245.4(a)(6) and Matter of Ho.

## III. CONCLUSION

We grant Masih's petition for review, reverse the decision of the BIA, and remand to the BIA with instructions to remand to the IJ for him to reconsider Masih's request for a continuance or abeyance of his removal proceedings so that he may pursue adjustment of status.