**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-60391
Summary Calendar

MAXWELL LANRE, also known as Alaba Olanrewaju

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 003 838

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Maxwell Lanre, whose true name is Alaba Olanrewaju, petitions this court for review of the Board of Immigration Appeals's (BIA) order denying his ineffective assistance of counsel claim and affirming the Immigration Judge's (IJ) denial of his request for a continuance.

Olanrewaju sought a continuance of his removal proceedings pending the adjudication of his wife's I-130 petition, which was filed in order for Olanrewaju

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to seek an adjustment of status. The grant of a motion to continue lies within the sound discretion of the IJ, who may grant the motion for good cause shown. *Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008); *see* 8 C.F.R. § 1003.29. Olanrewaju has failed to show good cause for a continuance because receipt of the pending I-130 petition was only the first step in the long and discretionary process of obtaining an adjustment of status. *See Ahmed v. Gonzales*, 447 F.3d 433, 438-39 (5th Cir. 2006). Thus, the BIA did not abuse its discretion by affirming the IJ's denial of the motion for continuance.

Olanrewaju also argues that the BIA erred in denying his ineffective assistance of counsel claim, reiterating his claim that his former attorney's bad advice coerced him into his "bad behavior" and set him "on a trail of misrepresentations." The BIA's finding that Olanrewaju willingly and actively participated in the scheme to misrepresent himself during his immigration proceedings is supported by substantial evidence. *See Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). Thus, Olanrewaju's argument in support of his claim of ineffectiveness is without merit.

The petition for review is DENIED.