**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2009

Charles R. Fulbruge III
Clerk

No. 09-60178
Summary Calendar

ALI MEHNDY, also known as Mehndy Ali, also known as Mehndi Ali, also
known as Mehdi Ali,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 319 826

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ali Mehndy, a native and citizen of Pakistan, petitions for review of the
Board of Immigration Appeals' (BIA) order, affirming the Immigration Judge's
(IJ) decision to deny a further continuance of Mehndy's removal proceedings.
The BIA found Mehndy was ineligible for adjustment of status under the
Immigration and Nationality Act (INA) § 245, 8 U.S.C. § 1255, because an I-140

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

petition filed by his employer had been denied, and he did not have an "immediately available" visa.

Mehndy's case has a lengthy procedural history. Removal proceedings began in 2005. In 2006, an IJ found Mehndy removable and denied a continuance and the BIA dismissed Mehndy's appeal of the decision, putting him on the verge of removal. He moved to reopen with the BIA because his employer had filed an I-140 visa petition that could adjust his status to that of a lawful permanent resident. The BIA granted the motion and remanded the case to the IJ. The I-140 visa petition was subsequently denied by the United States Citizenship and Immigration Services. In 2008, Mehndy was again before the IJ and again sought a continuance for extra time to await resolution of the I-140 appeal. The IJ denied the continuance and ordered Mehndy's removal. The BIA affirmed, and Mehndy now petitions for review.

Although an IJ may grant a continuance of removal proceedings upon a showing of good cause, the decision is within his sound discretion. *See Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008). We review the denial of a continuance for abuse of discretion. *See Witter v. INS*, 113 F.3d 549, 555-67 (5th Cir. 1997). Even though we have authority to review only the BIA's decision, we may consider the IJ's decision to the extent that it influenced the BIA. *See Mikhael v. I.N.S.*, 115 F.3d 299, 302 (5th Cir. 1997).

Mehndy argues that the BIA abused its discretion in finding that he failed to show good cause for the IJ to continue his removal proceedings. Although the I-140 visa application filed on his behalf had been denied, an appeal was pending with the Administrative Appeals Office. Mehndy claims this appeal, which potentially could adjust his status to that of a lawful permanent resident, provides good cause for continuing the removal proceedings.

The problem with Menhdy's argument is that having a pending I-140 appeal, however meritorious, does not bring him within the criteria for adjustment of status set forth in § 1255(i). Specifically, § 1255(i)(2) provides:

> Upon receipt of such an [adjustment of status] application . . . the Attorney General may adjust the status of the alien to that of an alien lawfully admitted for permanent residence if--
>
> (A) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; *and*
>
> (B) *an immigrant visa is immediately available* to the alien at the time the application is filed.

(emphasis added). Because Mehndy's visa petition had been denied and was on appeal, he did not have an immigrant visa "immediately available,"as required by § 1255(i). Accordingly, he was statutorily ineligible to adjust his status and could not show good cause for a continuance. *See Masih*, 536 F.3d at 373 (distinguishing between cases in which alien was statutorily eligible and those in which he was statutory ineligible in determining whether good cause existed); *see also Ahmed v. Gonzales*, 447 F.3d 433 (5th Cir. 2006); *Ali v. Gonzalez*, 440 F.3d 678 (5th Cir. 2006) (per curiam).

A request to continue proceedings in order to await a prospective or collateral event, such as the possibility of future relief, does not amount to good cause as such potential relief is speculative and the statute requires the visa to be "immediately available." *Ahmed*, 447 F.3d at 438-39. Mehndy was placed in removal proceedings years ago and has already received a continuance affording him the opportunity to obtain relief. Even *Subhan*, the Seventh Circuit case upon which Mehndy heavily relies, provides no support for finding that an alien who has delayed proceedings beyond a year is entitled to a further continuance based on a pending I-140 visa appeal. *See Subhan v. Ashcroft*, 383 F.3d 591, 593-94 (7th Cir. 2004).

Although Mehndy dedicates a substantial portion of his brief to the merits of his visa appeal, his emphasis is misplaced because that appeal is not before us. The only issue before us is whether there was an abuse of discretion in denying Mehndy's request to continue his removal proceedings. We will not

3

speculate as to the merits of Mehndy's pending visa appeal as that is a collateral issue. *See Conti v. I.N.S.*, 780 F.2d 698, 702 (1985) (noting that the disposition of a visa application is a collateral issue outside the purview of an appeal of an order of deportation). Our conclusion that the IJ was within his discretion to deny the continuance because Mehndy was statutorily ineligible for adjustment of status is sufficient to resolve this petition for review.

Mehndy also argues that the BIA erred in attributing "harmless error" to the IJ's comments that the case should have been over in 2005 and that Mehndy abused the immigration laws by remaining in the United States. In Mehndy's view, the comments seriously undermined the fairness of the proceedings. While we do not condone the comments made by the IJ, we do not believe they rise to a level of prejudice which denied Mehndy an opportunity for a fair and impartial hearing. *See Marcello v. Ahrens*, 212 F.2d 830, 837-38 (5th Cir. 1954). This is particularly true given that the decision to deny the continuance was grounded on a proper determination of statutory ineligibility. *Id.* at 838.

In sum, we find no abuse of discretion in the denial of Mehndy's request for continuance. At the time of the IJ's denial of Mehndy's motion for continuance, he was statutorily ineligible for adjustment to permanent status under § 1255(i) because he did not have an immediately available visa. As his appeal had been pending for many years and he has had previous opportunities during that time to obtain relief, denying a further continuance was not an abuse of discretion.

Mehndy's petition for review is DENIED.