# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60106
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2014

Lyle W. Cayce
Clerk

ZAID AL-HIYARI,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A075 319 861

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Zaid Al-Hiyari seeks review of the Board of Immigration Appeals' (BIA) denying his motion to continue and finding him removable.

In contending the BIA erred in affirming the Immigration Judge's denial of his motion to continue, he claims clear and convincing evidence established his marriage was entered into in good faith and in accordance with the laws of the place where the marriage took place and, as a result, his pending I-130

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petition (petition for alien relative) was *prima facie* approvable.  We have jurisdiction to review the denial of the continuance motion.  *Ahmed v. Gonzales*, 447 F.3d 433, 437 (5th Cir. 2006).  The denial is reviewed for an abuse of discretion.  *Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008).  "The BIA does not abuse its discretion so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Cabral v. Holder*, 632 F.3d 886, 890 (5th Cir. 2011) (alterations and citation omitted).  Because Al-Hiyari married his second wife after the commencement of removal proceedings, the marriage was presumptively invalid.  *See* 8 U.S.C. § 1255(e)(1) (adjustment of status of nonimmigrant); *e.g.*, *Zafar v. Holder*, 322 F. App'x 376, 377 (5th Cir. 2009) (per curiam) (unpublished) (citing *Matter of Arthur*, 20 I. & N. Dec. 475, 479 (BIA 1992)).  Here, relying on *In re Velarde-Pacheco*, the BIA recognized a motion to reopen for adjustment of status based on a marriage entered into after the commencement of proceedings may be granted in the exercise of discretion.  *See* 23 I. & N. Dec. 253 (BIA 2002).  Nevertheless, the BIA declined to exercise its discretion.  The BIA's decision was "not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach".  *Cabral*, 632 F.3d at 890.

Al-Hiyari also maintains the denial of the continuance deprived him of due process.  This contention is unavailing because "discretionary relief from removal, including an application for an adjustment of status, is not a liberty or property right that requires due process protection".  *Ahmed*, 447 F.3d at 440 (citation omitted).

Finally, Al-Hiyari challenges the BIA's determination that he was removable because, in 2002, he willfully misrepresented a fact in his student-

visa application. He contends his checking "single" (at a time he was otherwise claiming he was married for I-130 purposes) was not material to obtaining a student visa. Because the misrepresentation had a natural tendency to influence the decision of the then Immigration and Naturalization Service, the misrepresentation was material. *See Matter of D-R-*, 25 I. & N. Dec. 445, 450 (BIA 2011).

DENIED.