# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 11-60594
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2016

Lyle W. Cayce
Clerk

SHAILESHKUMAR ARVINDBHAI SHAH,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 689 213

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Shaileshkumar Arvindbhai Shah, a native citizen of India, has filed a petition for review of a dismissal by the Board of Immigration Appeals (BIA) of an appeal of an immigration judge's (IJ) denial of a motion for a continuance. Shah complains that his motion for a continuance of the removal proceedings was not considered against the factors set forth in the BIA's decision in *Matter of Hashmi*, 24 I & N. Dec. 785 (BIA 2009).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60594

The grant of a motion to continue lies within the sound discretion of the IJ, who may grant a continuance for good cause shown. *Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008). This court reviews "a decision to grant or deny a continuance for an abuse of discretion." *Id*. Although this court only has the authority to review the BIA's decision, when, as here, the BIA affirms the IJ and relies on the reasons set forth in the IJ's decision, this court considers the decision of the IJ to the extent that it influenced the BIA. *Id*.

In *Hashmi*, the BIA set out a list of factors to be considered in determining whether to continue removal proceedings pending a final adjudication of an I-130 petition filed in conjunction with an adjustment application. 24 I. & N. Dec. at 790. Those factors include, but are not limited to: "(1) the [Department of Homeland Security] response to the motion; (2) whether the underlying visa petition is prima facie approvable; (3) the respondent's statutory eligibility for adjustment of status; (4) whether the respondent's application for adjustment merits a favorable exercise of discretion; and (5) the reason for the continuance and other procedural factors." *Id*. "While all these factors may be relevant in a given case, the focus of the inquiry is the apparent ultimate likelihood of success on the adjustment application." *Id*. (citation omitted).

Although Shah complains that the BIA failed to consider the *Hashmi* factors, it is clear that its decision was supported by the factors. The BIA cited *Hashmi* as the relevant law in deciding whether a continuance of the removal proceedings was proper. The BIA explained that the IJ had properly denied Shah a continuance given that the United States Citizenship and Immigration Services had denied both of the I-130 petitions filed by Shah's wife and noted the BIA's recent denial of the pending appeal of the second petition. This determination is in accord with *Hashmi*, as the likelihood of success of a

No. 11-60594

pending I-130 petition should be "the focus" of any consideration of whether good cause exists for a continuance. *See Hashmi*, 24 I & N. Dec. at 790. And as the Government points out, at the time that Shah sought a continuance, he was not simply awaiting an agency adjudication of his wife's I-130 petition; the agency had already denied the visa petition—twice—for marriage fraud.

Still, Shah faults the IJ for refusing to consider the I-130 petition or examine the bona fides of his marriage. Though *Hashmi* instructs that submission of the underlying I-130 petition may help the IJ in evaluating "whether the respondent is the beneficiary of a prima facie approvable I-130," there is no requirement that the IJ delve into the "bona fides" of the marriage. *See* 24 I. & N. Dec. at 791.

The BIA also noted that the IJ had already continued the removal proceedings at Shah's request. And *Hashmi* instructs that the number and length of prior continuances, though not alone determinative, may be considered in determining whether to move the case forward. 24 I. & N. Dec. at 794. The BIA also considered, consistent with *Hashmi*, the response of the Department of Homeland Security, noting that the agency was opposed to a continuance.

Based on the forgoing, Shah has not shown that the BIA abused its discretion in dismissing his appeal of the IJ's denial of a continuance. It is clear from the record that both the IJ and the BIA considered the relevant factors set out in *Hashmi*. As such, Shah's petition for review is DENIED.