# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60707
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2017

Lyle W. Cayce
Clerk

ROBERTO COLMENERO-LOREDO,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 831 269

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Roberto Colmenero-Loredo, a native and citizen of Mexico, has petitioned for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of the immigration judge (IJ) finding him ineligible for cancellation of removal, denying his motion for a continuance, and ordering his removal to Mexico. Colmenero-Loredo has not challenged the agency's determination that he was statutorily ineligible for cancellation of removal on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60707

account of his prior Texas conviction of possession of cocaine.  *See* 8 U.S.C. § 1229b(b)(1)(C).  He has therefore abandoned the issue.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

The Government contends that, pursuant to 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to consider Colmenero-Loredo's challenge to the denial of his motion for a continuance.  We pretermit the jurisdictional question because the continuance issue lacks merit.  *See Madriz-Alvarado v. Ashcroft*, 383 F.3d 321, 327-28 (5th Cir. 2004).

During proceedings before the IJ, Colmenero-Loredo moved for a continuance, indicating that he wanted to look into the possibility of challenging his prior Texas conviction of possession of cocaine.  The IJ denied his request.  Colmenero-Loredo argues that the IJ abused his discretion in denying his request for a continuance because the Government's attorney did not oppose it.

The grant of a motion to continue "lies within the sound discretion of the IJ, who may grant a continuance for good cause shown." *Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008).  This court reviews "a decision to grant or deny a continuance for an abuse of discretion." *Id.*  An abuse of discretion occurs only if the agency's decision is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Cabral v. Holder*, 632 F.3d 886, 890 (5th Cir. 2011) (internal quotation marks and citation omitted).

As we have noted, "post-conviction motions do not operate to negate the finality of a conviction for deportation purposes, unless and until the conviction is overturned pursuant to such motions." *Okabe v. Immigration & Naturalization Serv.*, 671 F.2d 863, 865 (5th Cir. 1982).  Here, the IJ

2

No. 16-60707

properly concluded that Colmenero-Loredo's prior conviction remained in effect and that his success in a collateral challenge to the prior conviction was speculative. *See Cabral*, 632 F.3d at 890. In view of the foregoing, the IJ did not abuse his discretion in denying the requested continuance. *See id.*

**PETITION FOR REVIEW DENIED**.