# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 27, 2017

Lyle W. Cayce
Clerk

No. 17-60020
Summary Calendar

JOSSELYN MARILI BERMUDEZ-DIAZ; MERARI-SARAI VIGIL-
BERMUDEZ,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 848 316
BIA No. A206 848 317

Before REAVLEY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Josselyn Marili Bermudez Diaz (Bermudez-Diaz) and her daughter,
Merari Sarai Vigil-Bermudez, both natives and citizens of El Salvador, petition
this court for review of the decision of the Board of Immigration Appeals (BIA)
dismissing their appeal of the immigration judge's ruling denying Bermudez-
Diaz's motion for a continuance and denying her application for asylum,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

withholding of removal, and relief under the Convention Against Torture (CAT). They argue that the immigration judge (IJ) abused her discretion by denying Bermudez-Diaz's motion for a continuance and that the IJ erred by denying Bermudez-Diaz's application for asylum, withholding of removal and CAT relief.

On a petition for review of a BIA decision, this court reviews the BIA's decision and will consider the IJ's decision to the extent that it influenced the BIA. *Mikael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). Generally, this court has jurisdiction to review the denial of a motion for continuance. *See Ahmed v. Gonzales,* 447 F.3d 433, 437 (5th Cir. 2006).

This court reviews "a decision to grant or deny a continuance for an abuse of discretion." *Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008). *Id.* The record in this case does not establish that the IJ's decision was "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Cabral v. Holder*, 632 F.3d 886, 890 (5th Cir. 2011) (internal quotation marks and citation omitted). Consequently, the IJ did not abuse its discretion by denying the motion for a continuance. *See Masih*, 536 F.3d at 373.

This court reviews an immigration court's findings of fact, including any finding that an alien is not eligible for asylum, withholding of removal, or CAT relief, to determine if they are supported by substantial evidence in the record. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under substantial evidence review, this court may not reverse a factual finding unless the evidence not only supports a contrary conclusion, but compels it. *Id.*

The determination that Bermudez-Diaz failed to establish the requisite nexus between any past or future persecution and a statutorily protected

ground is not erroneous because the defining traits of her particular social group – youth, gender, and being subject to gang violence – have been rejected by this court as a means of defining a particular social group. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012); *Villanueva-Amaya v. Holder*, 344 F. App'x 97, 100 (5th Cir. 2009). Accordingly, the decision to deny Bermudez-Diaz asylum is supported by substantial evidence. *Chen*, 470 F.3d at 1134. Because Bermudez-Diaz did not establish a well-founded fear of persecution upon her return to El Salvador for purposes of asylum, she necessarily did not meet the higher standard of showing a clear probability of persecution upon her return to El Salvador that is required to qualify for withholding of removal. *See Eduard v. Ashcroft*, 379 F.3d 182, 186 n.2 (5th Cir. 2004).

Bermudez-Diaz submitted no evidence that the government of El Salvador or any single government official acting in an official capacity instigated, condoned, or had anything to do with the threats she received or the violence she faced. Nor did she present any evidence that the government of El Salvador or any single government official acting in an official capacity was aware of and turned a blind eye to gang members, as private actors, threatening her. She established no specific connection between the government and the gang she alleges threatened her. As such, the evidence does not compel a conclusion that Bermudez-Diaz would more likely than not be tortured by or with the acquiescence of the Salvadoran government or government officials if she returns to her homeland. *See Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006). Accordingly, the decision denying her relief under the CAT is supported by substantial evidence. *Chen*, 470 F.3d at 1134.

The petition for review is DENIED.

3