# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60130
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2018

Lyle W. Cayce
Clerk

NIXSY LODANI MELGAR-CASTILLO,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 568 849

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Nixsy Lodani Melgar-Castillo, a native and citizen of Honduras, has filed a petition for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal of the Immigration Judge's (IJ) denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Melgar-Castillo argues that the IJ and the BIA erred regarding the determinations that she was ineligible for withholding of removal and relief

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under CAT. Because she does not address the dismissal of her asylum application as time barred, the claim is deemed abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

We review the decision of the BIA and will review the IJ's decision only to the extent it influenced the BIA's decision. *Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008). The BIA's legal conclusions are reviewed de novo, and its factual findings, such as the finding that an alien is not eligible for withholding of removal or CAT relief, are reviewed for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). We will not reverse the BIA's decision on substantial-evidence review unless we conclude "not only that the evidence supports a contrary conclusion, but [also] that the evidence compels it." *Id.* (internal quotation marks and citation omitted).

The IJ and the BIA determined that Melgar-Castillo's proposed group of "women living in Honduras" lacks the requisite particularity and social visibility. The evidence does not compel a finding that, even if Melgar-Castillo suffered past persecution by a gang of drug traffickers and Honduran officials, the persecution was on account of her "membership in the particular social group." *See Zhang*, 432 F.3d at 344; *see also Hernandez-De La Cruz v. Lynch*, 819 F.3d 786-87 (5th Cir. 2016).

Melgar-Castillo similarly has not shown, for purposes of relief under CAT, that the evidence compels a finding that she more likely than not will be tortured if returned to Honduras given her past ability to relocate within Honduras without incident. *See Zhang*, 432 F.3d at 344; 8 C.F.R. § 208.16(c)(2), (3). Thus, the BIA's conclusion that Melgar-Castillo was not eligible for relief under CAT is supported by substantial evidence. *See Zhang*, 432 F.3d at 344.

No. 17-60130

The petition for review is DENIED. The motion for leave to file an amended brief is GRANTED.