# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2018

Lyle W. Cayce
Clerk

No. 17-60200
Summary Calendar

SONIA CALDERON-LUCAS; DARLIN ANAI CALDERON-CALDERON,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 371 037
BIA No. A208 371 038

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Guatemalan citizens Sonia Calderon-Lucas and her minor child, Darlin Anai Calderon-Calderon, entered this country without inspection and applied for asylum and withholding of removal, arguing that they experienced past persecution and held a well-founded fear of persecution in Guatemala based on their membership in a particular social group. The immigration judge (IJ)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied relief, and the Board of Immigration Appeals (BIA) dismissed their appeal on the merits. They now petition for review of that decision.

Although we have authority to review only the BIA's decision, we can "consider the IJ's decision to the extent that it influenced the BIA." *Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008). We review the BIA's factual findings, such as the finding that an alien is not eligible for asylum or withholding of removal, for substantial evidence. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, we will not reverse the BIA's decision unless we conclude "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Id.* (internal quotation marks and citation omitted).

To qualify for asylum, the petitioners must demonstrate that they are unable or unwilling to return to Guatemala because of persecution or a well-founded fear of persecution and that their membership in a particular social group "was or will be at least one central reason for the persecution." *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012). To qualify for withholding of removal, they must demonstrate a clear probability that, if returned to Guatemala, their life or freedom would be threatened by persecution on account of their membership in a particular social group. *See Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004).

To show that they were persecuted or face future persecution based on their membership in a particular social group, the petitioners "must show that they are members of a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences." *Orellana-Monson*, 685 F.3d at 518 (internal quotation marks and citation omitted). A proffered social group must also be sufficiently particular and

socially distinct to be cognizable. *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786-87 & n.1 (5th Cir. 2016).

The BIA specifically concluded that the petitioners' "proposed group lacks social distinction," as the record did not establish that it was "perceived as a group by Guatemalan society." The petitioners have not directed us to any evidence, nor has our review of the record revealed any evidence, that their proposed social group would be seen as a recognizable, distinct group in Guatemalan society. *See Orellana-Monson*, 685 F.3d at 522. Their conclusory assertion to the contrary is insufficient to compel a conclusion different from that of the BIA. *See Chen*, 470 F.3d at 1134. Accordingly, the petition for review is DENIED.