# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 10, 2020

Lyle W. Cayce
Clerk

No. 19-60122
Summary Calendar

Jesus Eduardo Soto-Gomez,

*Petitioner*,

*versus*

William P. Barr, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 683 419

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Jesus Eduardo Soto-Gomez petitions for review of the decision of the
Board of Immigration Appeals (BIA) upholding the decision of the
immigration judge (IJ) who denied his application for asylum, withholding of
removal, and relief under the Convention Against Torture (CAT). We

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Circuit Rule 47.5.4.

generally review only the decision of the BIA and consider the underlying IJ decision only if it influenced the BIA's determination. *See Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008). We review the factual findings of an immigration court for substantial evidence and consider legal questions under the de novo standard. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009); *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). The BIA's factual findings are conclusive unless the record compels a contrary finding. *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013).

First, Soto-Gomez contends that the IJ deprived him of due process by denying his request to continue the merits hearing so that he could hire a new attorney and obtain documents to support his asylum application. The record shows, however, that Soto-Gomez had 11 months between his prior appearance before the IJ and the merits hearing and that his former attorney had withdrawn from the case because Soto-Gomez failed to provide the lawyer with requested documentation. The BIA did not abuse its discretion in concluding Soto-Gomez did not show good cause for the requested continuance. *Masih*, 536 F.3d at 373 (5th Cir. 2008). Moreover, Soto-Gomez has not established that the denial of a continuance caused "actual prejudice" or "materially affected the outcome of his case." *In re Sibrun*, 18 I. & N. Dec. 354, 356–57 (BIA 1983).

In addition, Soto-Gomez maintains that the BIA erred in concluding that he was not entitled to asylum or withholding of removal. Asylum may be granted to "an alien who is unable or unwilling to return to his home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted). Because the BIA determined that Soto-Gomez had proved past persecution on account of an imputed political opinion, it recognized a rebuttable presumption that his life or

freedom would be threatened in the future. *See* 8 C.F.R. § 208.13(b)(1). Soto-Gomez contends that the BIA erred in concluding that the Department of Homeland Security (DHS) rebutted that presumption by showing that he could relocate within Honduras and that it would be reasonable for him to do so. *See* § 208.13(b)(1)(i). The BIA explicitly recognized that DHS had the burden to prove the viability of internal relocation.  Although DHS did not present its own evidence regarding the issue, it could rely on Soto-Gomez's testimony. *See, e.g.*, *Singh v. Barr*, 920 F.3d 255, 260 (5th Cir. 2019) (evidence obtained through cross-examination of the alien). Soto-Gomez's testimony reflected that he had extended family in other cities in Honduras that he considered safer than his home city of La Ceiba. Although the BIA may not have explicitly considered each of the possible factors listed in § 208.13(b)(3), not all factors are necessarily relevant depending on the circumstances of the case. Soto-Gomez has not shown that the BIA erred in concluding that the presumption of future persecution was properly rebutted by DHS. *See Sharma*, 729 F.3d at 411; § 208.13(b)(1)(i). Because he did not meet the lower standard to qualify for asylum, he necessarily did not establish a "clear probability of persecution" necessary to qualify for withholding of removal. *See Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004); *Eduard v. Ashcroft*, 379 F.3d 182, 186 n.2 (5th Cir. 2004).

In his final ground for relief, Soto-Gomez argues that the BIA erred in adopting the IJ's conclusion that he was not entitled to relief under the CAT. The CAT provides that "[n]o State Party shall expel, return . . . or extradite a person to another State where there are substantial grounds for believing that he would be in danger of being subjected to torture." *Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002). Torture is the intentional infliction of severe mental or physical pain for the purpose of obtaining information, intimidation, punishment, or discrimination, "when such pain or suffering is inflicted by or at the instigation of or with the consent of or acquiescence of

a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). The record does not compel a finding that any harm suffered by Soto-Gomez was caused by or acquiesced in by government officials. *See Bah v. Ashcroft*, 341 F.3d 348, 351-52 (5th Cir. 2003); § 208.18(a)(7). Accordingly, his petition for review is DENIED.