# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 11, 2020

No. 19-60416
Summary Calendar

Lyle W. Cayce
Clerk

JAMBA OLIVER M. CAPEHART, also known as Larry Donell Charles, also known as Jamba Oliver Mefisto Capehart,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 367 366

Before JONES, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:*

Jamba Oliver M. Capehart, a native and citizen of Liberia, seeks review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal of an immigration judge's (IJ) decision denying Capehart's motion for a continuance because he: had not demonstrated good cause for the continuance, given he was not statutorily eligible for the underlying relief sought

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

(adjustment of his immigration status to that of a legal permanent resident based on his putative marriage to a United States citizen); and, alternatively, because, even if he had demonstrated good cause, he was, nevertheless, inadmissible based on two prior convictions sustained after entering the United States. Capehart sought a continuance to allow additional time for his putative United States citizen spouse to properly dissolve her previous marriage, legally marry him, and file a Form I-130 (petition for alien relative) on his behalf, required for Capehart's adjusting his status.

In reviewing a petition for review of a BIA decision, for reviewing that decision, the IJ's decision is considered only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012) (citation omitted). "The grant of a continuance lies within the sound discretion of the IJ, who may grant a continuance for good cause shown"; and the BIA's affirming an IJ's denial of a continuance is reviewed for abuse of discretion. *Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008) (citation omitted). In any event, "continuances should not be granted when [movant's] collateral pursuits are merely speculative". *Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 414 (Att'y Gen. 2018).

Capehart contends the BIA abused its discretion in affirming the IJ's good-cause determination because the IJ failed to consider important factors, including: his good-faith belief that his putative marriage to a United States citizen was valid; the legitimate reasons for the continuance; his advanced age and health conditions; the short period of time since the inception of the case; and the small number of continuances he had already received. Capehart, however, did not demonstrate he had an approved I-130 petition because no such petition had been filed by his putative spouse. And, without an approved I-130 petition, Capehart could not establish he was statutorily eligible for

adjusting his status based on marriage to a United States citizen.  *E.g.*, *Bolvito v. Mukasey*, 527 F.3d 428, 429–32 (5th Cir. 2008) (citations omitted).  Accordingly, the BIA did not abuse its discretion in upholding the denial of Capehart's requested continuance.  *See Matter of L-A-B-R-*, 27 I. & N. Dec. at 414.

Capehart further contends:  based on *Moncrieffe v. Holder*, 569 U.S. 184 (2013), the BIA and IJ violated his due-process rights by failing to apply a categorical approach to determine whether 8 U.S.C. § 1182(h) (allowing waiver of inadmissibility, *inter alia,* "insofar as [the alien's inadmissibility] relates to a single offense of simple possession of 30 grams or less of marijuana if" the alien satisfies certain conditions) applies to a conviction he sustained for possession of marihuana, with intent to distribute; and, alternatively, that a circumstance-specific approach should apply wherein the IJ would consider the specific behavior in each case.  Because he failed to raise these contentions before the BIA, however, we lack jurisdiction to review them.  *See Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir. 2001) (citation omitted).

Because Capehart is statutorily ineligible for the adjustment of status he seeks, we need not reach his further assertions regarding the Attorney General's discretion to waive his inadmissibility due to prior convictions sustained after entering the United States.  (To the extent Capehart advanced categorical-approach contentions unrelated to due process before the BIA, we similarly do not address them.)

DISMISSED in part; DENIED in part.