# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 17, 2022

Lyle W. Cayce
Clerk

No. 21-60322
Summary Calendar

Senayda Yessenia Martinez-Cortes,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 208 691 680

Before Smith, Stewart, and Graves, *Circuit Judges.*
Per Curiam:*

Senayda Martinez-Cortes, a native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing her appeal of a decision of the immigration judge (I.J.) denying a further continuance and deeming her application for relief waived and aban-

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60322

doned for failure to comply with the requirement to provide biometrics. We review the BIA's decision and consider the I.J.'s decision only to the extent it influenced the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). We review the denial of a continuance for abuse of discretion. *Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008).

"Applicants for certain kinds of relief from removal, including the relief requested by [Martinez-Cortes], are required to submit biometric information such as fingerprints so that [the Department of Homeland Security] can verify the applicant's identity and conduct a security investigation." *Ogunfuye v. Holder*, 610 F.3d 303, 305–06 (5th Cir. 2010); *see* 8 C.F.R. § 1003.47(a), (b). Where an applicant fails to submit biometrics, she abandons the application, and it may be dismissed "unless the applicant demonstrates that such failure was the result of good cause." § 1003.47(c).

In her *pro se* brief, Martinez-Cortes contends that the BIA erred in determining that she failed to provide a satisfactory explanation for her failure to complete the biometrics requirement in a timely manner, and she urges that she established good cause for a continuance. She asserts that the record shows that she did not understand the applicable requirements, and she reasons that the BIA misapplied the relevant factors in determining that good cause had not been shown because it failed to consider thar the good-cause inquiry would make a difference in the removal proceedings.

As the I.J. and the BIA discussed, the administrative record shows that Martinez-Cortes received notice and instructions regarding the biometrics requirement and that she was advised of the consequences for failing to comply. *See* § 1003.47(d). Despite multiple continuances and the passage of over two and a half years between the time she was first advised of the requirement and the final hearing before the I.J., Martinez-Cortes did not satisfy the requirement. She has not shown that the I.J.'s determination that her asylum

application had been waived and abandoned on account of her failure to show good cause for non-compliance with the requirement to provide biometrics, nor the I.J.'s denial of a further continuance, was an abuse of discretion; likewise, she has not shown that the BIA abused its discretion in dismissing her appeal of the I.J.'s decision. *See Masih*, 536 F.3d at 373; *Galvez-Vergara v. Gonzales*, 484 F.3d 798, 801 (5th Cir. 2007).

The petition for review is DENIED.