# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2022

Lyle W. Cayce
Clerk

No. 20-61087

Anthony Elue,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 522 439

Before Smith, Clement, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Appellant Anthony Elue petitions for review of a removal order issued by the Board of Immigration Appeals ("BIA"). Specifically, Elue argues that the Immigration Judge ("IJ") and BIA abused their discretion in denying his

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

motion for a continuance concerning one of his I-130 petitions[1] by picking and choosing between the factors articulated in *Matter of L-A-B-R-*, 27 I. & N. Dec. 405 (A.G. 2018).  Per Elue, this denial prevented him from "exercising his right to present evidence during removal proceedings," which violated due process and caused him prejudice and harm.[2]

An IJ may grant a continuance "for good cause shown."  8 C.F.R. § 1003.29.  Because the regulations do not define "good cause," the Attorney General, in *L-A-B-R-*, identified two primary factors for an IJ to consider when ruling on a motion for a continuance: "(1) the likelihood that the [petitioner] will receive the collateral relief, and (2) whether the relief will materially affect the outcome of the removal proceedings."  27 I. & N. Dec. at 413.  In addition, "immigration judges must also consider any other relevant factors."  *Id.* at 415.  These "secondary factors may include . . . the respondent's diligence in seeking collateral relief, DHS's position on the motion for continuance, and concerns of administrative efficiency," as well as "the length of the continuance requested, the number of hearings held and continuances granted previously, and the timing of the continuance motion."  *Id.*

---

[1] As noted by the IJ, four I-130 petitions have been filed on Elue's behalf, and three of those petitions have been denied.  Moreover, Elue has benefited from at least twelve continuances.

[2] Elue also argues that *L-A-B-R-* violates due process and exceeds the statutory authority granted to the Attorney General.  To the extent these claims are constitutional and capable of review, *see Gonzalez Hernandez v. Garland*, 9 F.4th 278, 286 (5th Cir. 2021), we have already concluded that "*L-A-B-R-* was not a significant departure from prior precedent," *Faudoa-Gonzalez v. Barr*, 836 F. App'x 242, 247 (5th Cir. 2020) (per curiam), and we have approved of the BIA using the standards set forth in this case, *see Velasquez-Zelaya v. Garland*, No. 20-60531, 2022 WL 445158, at *2 (5th Cir. Feb. 14, 2022) (per curiam).

We conclude that the BIA did not abuse its discretion in denying Elue another continuance. *See Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008) (reviewing the denial of a continuance for abuse of discretion).[3]  Elue argues that the IJ erred by only considering the two primary factors (and ignoring all the other factors) set out in *L-A-B-R-*.  On closer inspection, however, we agree with the BIA's assessment that the IJ actually considered several secondary factors in its analysis, including the DHS's opposition to the continuance and the fact that Elue has been granted multiple continuances over the past several years.  Moreover, we agree with the BIA that Elue "has not demonstrated that [his] pending visa petition is likely to be approved," as well as its overall conclusion that Elue has not demonstrated good cause to merit an additional continuance.

As for Elue's argument that he was denied due process as a result of the denial of his motion for a continuance, "[w]e have previously held that the denial of a continuance does not violate due process where [a petitioner] fails to show good cause." *Ali v. Gonzales*, 440 F.3d 678, 681 (5th Cir. 2006) (per curiam).  Because Elue failed to demonstrate good cause, his due process argument must also fail on that ground.

For the foregoing reasons, we DENY Elue's petition for review.

---

[3] We generally "review only the decision of the BIA." *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).  However, we review the IJ's decision if "the IJ's ruling affects the BIA's decision." *Id.*