# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 15, 2024

Lyle W. Cayce
Clerk

No. 23-60554
Summary Calendar

Jie Xu,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A216 760 262

_____

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Jie Xu, a native and citizen of China, petitions for review of the decision of the Board of Immigration Appeals (BIA) upholding the immigration judge's order of removal and denying sua sponte reopening. He argues that he was not allowed a fair opportunity to file his I-589 application

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

for asylum, withholding of removal, and protection under the Convention Against Torture.

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008). The BIA reasoned that even if the immigration judge erred by not specifically warning Xu about abandonment of his I-589 application and by finding that good cause for a continuance had not been shown, Xu failed to establish prejudice from any such errors because he had not shown that the outcome of his proceedings was materially affected.

Xu has not shown that the BIA erred in concluding that he failed to meet his burden of demonstrating prejudice. *See Matter of Sibrun*, 18 I.&N. Dec. 354, 356-57 (BIA 1983). He has not explained the basis of his claims for relief from removal and ultimately has failed to show why the outcome of his case would have been different had his proceedings continued. To the extent he argues that his right to due process was violated, the contention similarly is unavailing. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 439 (5th Cir. 2020) (recognizing that an initial showing of substantial prejudice is required to prevail on a due process claim). Lastly, we lack jurisdiction to review Xu's challenge to the BIA's denial of sua sponte regulatory reopening.

The petition for review is DISMISSED in part for lack of jurisdiction and DENIED in all other respects.