# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60597
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 13, 2016

Lyle W. Cayce
Clerk

BAYRON TORO ABREGO, also known as Bayron Toro Abrago,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 066 013

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Bayron Toro Abrego, a native and citizen of Honduras, has filed a petition for review of the order of the Board of Immigration Appeals (BIA) affirming the denial of his application for withholding of removal. Hernandez sought withholding of removal based on problems with gangs in Honduras.

We review the order of the BIA and will consider the underlying decision of the immigration judge only if it had some impact upon the BIA's decision.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60597

*Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2011). "To be eligible for withholding of removal, an applicant must demonstrate a clear probability of persecution on the basis of race, religion, nationality, membership in a particular social group, or political opinion." *Chen v. Gonzales*, 470 F.3d 1131, 1138 (5th Cir. 2006) (internal quotation marks and citations omitted).

Abrego contends that he showed past persecution and a clear probability of future persecution based on his membership in a group of Hondurans who return to Honduras after living in the United States and refuse affiliation with gangs. Abrego did not exhaust his claim that he suffered past persecution because he did not brief it to the BIA, and we lack jurisdiction to review his argument. *See* 8 U.S.C. § 1252(d)(1); *Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001). In any event, under the substantial evidence standard, the BIA's determination that Abrego is not eligible for withholding of removal does not warrant reversal as Abrego's purported group is not protected for purposes of withholding of removal. *See Orellana-Monson*, 685 F.3d at 517; *Chen*, 470 F.3d at 1134.

The petition for review is DISMISSED IN PART for lack of jurisdiction and DENIED IN PART.