# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 22, 2018

Lyle W. Cayce
Clerk

No. 17-60179
Summary Calendar

CARLA PATRICIA MEJIA-OVIEDOS, also known as Carla Patricia Mejia-Oviedge; FABIO ALEJANDRO LOPEZ-MEJIA,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 450 601
BIA No. A208 450 602

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Carla Patricia Mejia-Oviedos and her minor son Fabio Alejandro Lopez-Mejia, natives and citizens of Honduras, applied for admission into the United States without valid entry documents. During their removal proceedings, they applied for asylum and withholding of removal on the grounds that they had suffered death threats in Honduras from a gang that had attempted to recruit

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-60179

Lopez and that, if returned to Honduras, they reasonably feared death on account of their membership in the particular social group of Honduran mothers fleeing with their children because of gang recruitment. The Board of Immigration Appeals (BIA) affirmed the immigration judge's (IJ) denial of the requested relief. Mejia and Lopez jointly petition for review.

The BIA's conclusions of law are reviewed *de novo*, *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009); its findings of fact, including whether an alien is eligible for asylum or withholding of removal, for substantial evidence, *Zhang v. Gonzales*, 432 F.3d 339, 343–44 (5th Cir. 2005). "Under substantial evidence review, [we] may not reverse the BIA's factual findings unless the evidence compels it." *Wang v. Holder*, 569 F.3d 531, 536–37 (5th Cir. 2009).

First, petitioners contend the IJ deprived them of due process by denying their request to continue the asylum merits hearing because they had only just obtained legal counsel and needed time to supplement their initial asylum application. The record shows, however, that petitioners' counsel had appeared on their behalf more than three weeks earlier and was allowed to supplement the asylum application at the hearing. The BIA did not abuse its discretion in concluding petitioners did not show good cause for the requested continuance. *Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008). Moreover, as the BIA stated, petitioners did not explain how the denial of a continuance caused "actual prejudice" or "materially affected the outcome of [their] case". *In re Sibrun*, 18 I. & N. Dec. 354, 356–57 (BIA 1983). Accordingly, they were not denied due process. *E.g.*, *Ali v. Gonzales*, 440 F.3d 678, 681 (5th Cir. 2006).

To obtain discretionary asylum relief as a refugee, an applicant must demonstrate either past persecution or a reasonable, well-founded fear of future persecution on account of one of the five grounds enumerated in 8 U.S.C. § 1101(a)(42)(A), including, as relevant here, membership in a particular social

group. *Milat v. Holder*, 755 F.3d 354, 360 (5th Cir. 2014).  To show "persecution based on membership in a particular social group, the petitioners must show that they are members of a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change".  *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citation omitted).  And, "the failure to establish a well-founded fear [of persecution based on membership in a protected group] for asylum eligibility also forecloses eligibility for withholding of removal." *Milat*, 755 F.3d at 360 (internal citation omitted).

The BIA's findings that, *inter alia*, petitioners were not subjected to past persecution, did not have a well-founded fear of future persecution in Honduras, and were not members of a particular social group are supported by substantial evidence.  *See Tesfamichael v. Gonzales*, 469 F.3d 109, 116 (5th Cir. 2006); *Eduard v. Ashcroft*, 379 F.3d 182, 193–94 (5th Cir. 2004).  Notably, that petitioners' family has remained in Honduras unharmed belies petitioners' assertion that they have a well-founded fear of persecution if they return.  *E.g.*, *Eduard*, 379 F.3d at 193 ("fear of persecution is reduced when [petitioner's] family remains in his native country unharmed").  Moreover, our court has repeatedly held petitioners' proposed social group—those fleeing their home countries to avoid gang recruitment—is not a protected one.  *E.g.*, *Orellana-Monson*, 685 F.3d at 521–22; *Abrego v. Lynch*, 669 F. App'x 280, 281 (5th Cir. 2016); *Arteaga Hernandez v. Lynch*, 668 F. App'x 578, 579 (5th Cir. 2016).

DENIED.