# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60605
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2019

Lyle W. Cayce
Clerk

JINGYU ZHONG,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of Orders of the
Board of Immigration Appeals
BIA No. A087 879 471

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

In July 2010 the Department of Homeland Security (DHS) served Jingyu Zhong, a native and citizen of the People's Republic of China, with a notice to appear. The DHS alleged, inter alia, that Zhong was removable as an alien who had failed to maintain or comply with the conditions of the nonimmigrant status under which he was admitted. Zhong filed an asylum application. He subsequently filed a motion for a continuance with the Immigration Judge (IJ),

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

informing the IJ that he had married a United States citizen and a Form I-130 visa petition had been filed on his behalf with the United States Citizenship and Immigration Services (USCIS).  He requested a continuance of proceedings so that USCIS could adjudicate the visa petition and then, afterwards, seek adjustment of status before the IJ.

The IJ found that Zhong had waived the right to seek adjustment of status by not raising the issue in a timely fashion.  The IJ denied Zhong's motion for a continuance and also concluded that he was ineligible for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).  On August 3, 2017, the BIA dismissed Zhong's appeal.  Zhong filed a motion to reopen, arguing, inter alia, that his attorney rendered ineffective assistance regarding the relief of adjustment of status.  On April 18, 2017, the BIA denied reopening.

Zhong filed timely petitions for review of both decisions of the BIA, challenging the determination that he waived the right to pursue adjustment of status, the denial of his motion for a continuance, and the determination that counsel did not render ineffective assistance.  He has also filed a motion for a remand with this court, contending that his I-130 petition was approved by USCIS during the pendency of the instant petitions for review and a remand is warranted so that he may apply for adjustment of status.

To the extent Zhong challenges the BIA's August 3, 2017, dismissal of his appeal of the IJ's final order of removal, we review the order of the BIA and will consider the underlying decision of the IJ only if it influenced the BIA's determination. *See Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).  Upon review, "[w]e accord deference to the BIA's interpretation of immigration statutes unless the record reveals compelling evidence that the BIA's interpretation is incorrect." *Id*.  We review the BIA's factual findings for

No. 17-60605

substantial evidence and may not overturn those factual findings unless the evidence compels a contrary conclusion. *Id.*

Zhong does not challenge the denial of asylum, withholding of removal, or CAT protection. Such issues are therefore abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). With reference to the BIA's order of August 3, 2017, Zhong challenges the determination that his failure to inform the IJ of his pending I-130 petition in a timely fashion resulted in a waiver of the right to pursue adjustment of status in the instant immigration proceeding. As Zhong did not present to the BIA the argument that he now presents to this court, he has failed to exhaust this issue, and we lack jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1); *Claudio v. Holder*, 601 F.3d 316, 318 (5th Cir. 2010).

Regarding the BIA's affirmance of the IJ's denial of Zhong's motion for continuance, the BIA correctly concluded that *Matter of Hashmi*, 24 I. & N. Dec. 785, 789-90 (BIA 2009), is distinguishable. Unlike in the instant case, in *Hashmi,* 24 I. & N. Dec. at 787-94, the alien had a pending I-130 petition and there was no finding that he had waived the right to pursue adjustment of status. Moreover, even if the *Hashmi* factors are applied to the instant proceeding, those factors do not suggest that the denial of Zhong's motion to continue was an abuse of discretion. *See Hashmi*, 24 I. & N. Dec. at 790-93; *Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008).

To the extent Zhong challenges the BIA's August 18, 2018, denial of his motion to reopen, this court applies a "a highly deferential abuse-of-discretion standard." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). "[M]otions to reopen deportation proceedings are disfavored, and the moving party bears a heavy burden." *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006) (internal quotation marks and citation omitted).

No. 17-60605

Zhong's argument that reopening was warranted due to his claim of ineffective assistance of counsel lacks merit, as he has failed to demonstrate that counsel's performance resulted in prejudice. *See Diaz v. Sessions*, 894 F.3d 222, 228 (5th Cir. 2018); *Miranda-Lores v. INS*, 17 F.3d 84, 85 (5th Cir. 1994). Additionally, Zhong's challenge to the BIA's denial of reopening based upon the denial of his motion for a continuance does not demonstrate that the BIA's denial of reopening was an abuse of discretion. *See Gomez-Palacios*, 560 F.3d at 358.

Finally, regarding the motion to remand, Zhong's eligibility for adjustment of status based upon the approved I-130 petition has not been addressed by the IJ or BIA. Remand is therefore inappropriate, as Zhong must raise the issue in a motion to reopen. *See Kane v. Holder*, 581 F.3d 231, 242 (5th Cir. 2009).

PETITIONS FOR REVIEW DISMISSED IN PART FOR LACK OF JURISDICTION; PETITIONS FOR REVIEW DENIED IN PART; MOTION TO REMAND DENIED.