# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60555
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 13, 2019

Lyle W. Cayce
Clerk

ANA GLORIA RODRIGUEZ-PERDOMO,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 727 868

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Ana Gloria Rodriguez-Perdomo seeks review of the Board of Immigration Appeals' (BIA) decision to deny her motion for a remand and to dismiss her appeal of the immigration judge's (IJ) denial of her motions for a continuance and applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Rodriguez contends, *inter alia*, her case should be remanded to the IJ for additional fact-finding regarding her alleged

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

past trauma.  In support of this claim, Rodriguez contends the BIA abused its discretion in upholding the IJ's denial of her continuance motions.  In addition, Rodriguez contends, *inter alia*, the IJ and BIA failed to consider the entire record in reviewing her CAT-protection claim.

On 3 May 2014, Rodriguez and her minor daughter, both natives and citizens of El Salvador, entered the United States without being legally admitted.  Three days later, the Department of Homeland Security issued each of them a Notice to Appear, claiming removability.

On 29 April 2016, Rodriguez admitted the allegations against herself and her daughter, and the IJ found them both removable.  Acting on behalf of both, Rodriguez applied for asylum, withholding of removal, and protection under the CAT.  The IJ scheduled a hearing on the application for 21 June 2017, advising any supplemental documents would be due 30 days prior.

Within 30 days of her hearing, Rodriguez sought a continuance for psychological evaluation based on previously undisclosed past experiences and to supplement her claims based on the "new proposed social group based on family" that had recently been recognized in *Matter of L-E-A-*, 27 I. & N. Dec. 40, 40 (B.I.A. 2017), *rev'd in pertinent part*, 27 I & N. Dec. 581, 596 (Op. Att'y Gen. 2019).  Also within 30 days of her hearing, Rodriguez submitted, *inter alia*, affidavits related to threats she received from gang members.

Referencing the amount of preparation time Rodriguez already had, the IJ denied her motions, as well as her motion for reconsideration.  The IJ did state, however, that Rodriguez would be allowed to add an additional social group at the time of the hearing.

After her hearing, the IJ denied Rodriguez' applications for asylum, withholding of removal, and CAT protection.  The BIA, *inter alia*, dismissed her appeal.

In considering a petition for review, our court generally examines only the BIA's decision; however, the IJ's decision will also be considered where, as here, it influenced the BIA's reasoning. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Our court reviews the BIA's rulings of law *de novo* and its findings of fact for substantial evidence, "which requires only that the BIA's decisions be supported by record evidence and be substantially reasonable." *Id.* (internal quotations and citations omitted).

"The grant of a continuance lies within the sound discretion of the IJ, who may grant a continuance for good cause shown." *Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008) (citation omitted). Accordingly, our court reviews the BIA's affirmance of an IJ's denial of a continuance for abuse of discretion. *Id.* Such an affirmance is appropriate "unless the alien establishes that that denial caused him actual prejudice and harm and materially affected the outcome of his case". *Matter of Sibrun*, 18 I. & N. Dec. 354, 356–57 (B.I.A. 1983). While our court reviews *de novo* a due-process-violation claim in an immigration hearing, the alien must show substantial prejudice in order to prevail on such a claim. *See Bouchikhi v. Holder*, 676 F.3d 173, 180 (5th Cir. 2012) (citations omitted) (per curiam).

The BIA correctly explained Rodriguez sought a continuance to obtain an evaluation of her mental health and any effect it had on her ability to articulate her claims, but she failed to obtain any such evidence during, *inter alia*, the 13 months between the denial of her continuance motions and the BIA's decision. Without producing such evidence, Rodriguez was unable to demonstrate the IJ's denial of a continuance had substantially prejudiced her or had materially affected the outcome of her hearing. *See id.*; *Sibrun*, 18 I. & N. at 356–57. Accordingly, the BIA did not abuse its discretion in upholding the denial of the continuance motions.

No. 18-60555

Rodriguez also contends the BIA violated her due-process rights by denying her motion to remand the case for additional fact-finding.  Our court reviews the BIA's "denial of a motion to remand under a highly deferential abuse-of-discretion standard".  *Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014) (internal quotation marks and citations omitted).  This denial will be upheld "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach".  *Id.* (citation omitted).  A remand for additional proceedings to consider new evidence may be granted only if the "evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing".  *Id.* (citation omitted).

Even if, as Rodriguez contended, the new evidence could not have been discovered earlier because she "disclosed details of sexual abuse and trauma very shortly before the merits hearings", there has not been a showing the evidence was material to her case. *See id.*  As the BIA explained, her proffered expert declaration generally discussed how traumatized asylum-seekers struggle to disclose in court aspects of their trauma but did not address Rodriguez in particular.  Accordingly, Rodriguez has failed to show that, by denying her remand motion, the BIA abused its broad discretion or substantially prejudiced her to the extent necessary to violate her due-process rights.

Rodriguez also asserts the BIA erred by dismissing her appeal of the denial of her CAT-protection claim without considering the entire record.  She claims the "adjudicators" of this matter largely limited their inquiry to her past experiences and failed to consider "all evidence relevant to the possibility of future torture", as required by 8 C.F.R. § 208.16(c)(3).  Rodriguez asserts the

agency decisions did not reference her "particularly brutal" family, the country-conditions report, or the contextual material about the prevalence of femicide.

To the extent Rodriguez is asserting the IJ failed to consider these particular evidentiary items, our court lacks jurisdiction because that claim was not exhausted before the BIA. *See Omari v. Holder*, 562 F.3d 314, 320–21 (5th Cir. 2009) (discussing claim exhaustion before the BIA). Furthermore, to the extent Rodriguez is asserting the BIA failed to consider these items of evidence, her claim is likewise unexhausted. Where, as here, the BIA's decision itself results in a new issue, a party must exhaust the issue by bringing it to the BIA's attention through a motion for reconsideration. *See id.* (concluding a claim that the BIA engaged in impermissible fact-finding was not exhausted because it had not been asserted in a reconsideration motion). Accordingly, our court lacks jurisdiction to review Rodriguez' unexhausted assertion that the BIA failed to consider the entire record in reviewing the IJ's denial of her CAT claim.

With respect to Rodriguez' remaining claims, she contends only that the case should be remanded for further fact-finding so that her claims for asylum, humanitarian asylum, withholding of removal and CAT protection can be re-adjudicated in the light of the above-discussed proposed additional information. Rodriguez, however, has failed to brief, and thereby abandoned, any assertion concerning the merits of these claims. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (per curiam) (treating unbriefed merits assertions as abandoned).

DISMISSED in part and DENIED in part.