# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2022

Lyle W. Cayce
Clerk

No. 21-60930
Summary Calendar

Kevin Cristhian Martinez-Romero,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 994 719

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

Kevin Christhian Martinez-Romero, native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the denial by the Immigration Judge (IJ) of his application for asylum, withholding of removal, and protection under the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Convention Against Torture (CAT).  According to Martinez-Romero, police officers and gang members attacked him, beat him, and demanded money from him, on one or more occasions when he operated a store in Honduras, although he regularly paid the gang money.  Martinez-Romero sought relief based on his membership in the particular social group of "evangelical Hondurans who believe in morality and nonviolence."

In the petition for review, Martinez-Romero contends that the IJ violated his due process rights by failing to provide sufficient reasons for denying his motion to continue to permit his expert witness to appear at the hearing, and that the BIA abused its discretion in affirming the IJ's denial of the continuance.  Had the IJ granted a continuance, Martinez-Romero argues, the expert's testimony would have bolstered his credibility and established his entitlement to asylum, withholding of removal, and CAT relief.  Martinez-Romero, however, does not respond to inconsistencies identified by the agency or explain how the expert's testimony somehow would have rendered his testimony consistent and credible.  As the BIA noted, the expert explicitly based his report on Martinez-Romero's account and his I-589 form, but not the credible fear interview.  Thus, Martinez-Romero fails to show that the expert's absence at the hearing impacted the result of the credibility determination and caused him prejudice, much less substantial prejudice, as required to show a constitutional due process violation.  *See Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018); *Matter of Sibrun*, 18 I. & N. Dec. 354, 356-57 (BIA 1983).  He therefore fails to show either that the agency violated his right to due process or abused its discretion in affirming the denial of a continuance.  *See Opkala*, 908 F.3d at 971; *Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008); *Matter of Sibrun*, 18 I. & N. Dec. at 356-57.

The remaining challenges Martinez-Romero presents are unavailing. Martinez-Romero did not challenge the adverse credibility determination on

grounds other than the denial of the continuance and so has abandoned any such a challenge. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). The adverse credibility finding, standing alone, suffices to deny Martinez-Romero's claims for asylum and withholding. *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994); *Arulnanthy v. Garland*, 17 F.4th 586, 597 (5th Cir. 2021). We, therefore, do not consider his arguments concerning the merits of these claims. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). Although an adverse credibility determination is not necessarily dispositive of a CAT claim, Martinez-Romero's conclusory assertions based on his testimony, which the agency found not credible, are insufficient to compel a conclusion that he would more likely than not be tortured by or with the acquiescence of a public official if returned to Honduras. *See Arulnanthy,* 17 F.4th at 597-98. Moreover, because the IJ denied Martinez-Romero's request for voluntary departure as a matter of discretion, we lack jurisdiction to review that decision. *See Sattani v. Holder*, 749 F.3d 368, 372-73 (5th Cir. 2014), *abrogated in part on other grounds by Guerrero Trejo v. Garland*, 3 F.4th 760, 772-73 (5th Cir. 2021).

PETITION DENIED in part and DISMISSED in part .